UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| DONNA C., <br><br> Plaintiff, <br><br> v. <br><br> COMMISSIONER OF SOCIAL SECURITY, <br><br> Defendant. | CASE NO. 3:18-CV-05810-RJB-DWC <br><br> REPORT AND RECOMMENDATION <br><br> Noting Date: April 12, 2019 |

The District Court has referred this action, filed pursuant to 42 U.S.C. § 405(g), to United States Magistrate Judge David W. Christel. Plaintiff filed this matter seeking judicial review of Defendant's denial of her application for disability insurance benefits ("DIB").

After considering the record, the Court concludes the Administrative Law Judge ("ALJ") failed to properly consider the medical opinions of Dr. Janice Olson and Stephanie Bric. Had the ALJ properly considered these two opinions, the ALJ may have determined Plaintiff is disabled or included additional limitations in the residual functional capacity ("RFC") assessment. Therefore, the ALJ's errors are harmful and this matter should be reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g) to the Acting Commissioner of the Social Security Administration ("Commissioner") for further proceedings consistent with this Report and Recommendation.

REPORT AND RECOMMENDATION - 1

FACTUAL AND PROCEDURAL HISTORY

On March 2, 2015, Plaintiff filed an application for DIB, alleging disability as of March 1, 2015. *See* Dkt. 8, Administrative Record ("AR") 15. The application was denied upon initial administrative review and on reconsideration. *See* AR 15, 80, 91. A hearing was held before ALJ Malcolm Ross on July 20, 2017. *See* AR 29-72. In a decision dated February 23, 2018, the ALJ determined Plaintiff was not disabled. *See* AR 15-24. The Appeals Council denied Plaintiff's request for review of the ALJ's decision, making the ALJ's decision the final decision of the Commissioner. *See* AR 1-5; 20 C.F.R. § 404.981, § 416.1481.

In the Opening Brief, Plaintiff maintains the ALJ erred by failing to properly consider: (1) the opinion of Dr. Janice Olson, M.D.; (2) Stephanie Bric's June 2016 functional evaluation; and (3) the assessments of Drs. John Gillman, M.D., Justin Cooper, D.O., and Mario Alinea, M.D. Dkt. 10, p. 1. Plaintiff seeks remand for an award of benefits. *See id*. at p. 6.

STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits if the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (citing *Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)).

DISCUSSION

**I.  Whether the ALJ properly considered the medical opinion evidence.**

Plaintiff contends the ALJ erred in his evaluation of Dr. Janice Olson's and Ms. Stephanie Bric's opinions. Dkt. 10, pp. 2-6. Plaintiff also contends the ALJ gave too much weight to the assessments of Drs. John Gillman, Justin Cooper, and Mario Alinea. *Id*. at pp. 5-7.

A. Dr. Olson

Plaintiff first asserts the ALJ failed to provide specific and legitimate reasons supported by substantial evidence for discounting Dr. Olson's medical opinion. Dkt. 10, pp. 2-4.

The ALJ must provide "clear and convincing" reasons for rejecting the uncontradicted opinion of either a treating or examining physician. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996) (citing *Embrey v. Bowen*, 849 F.2d 418, 422 (9th Cir. 1988); *Pitzer v. Sullivan*, 908 F.2d 502, 506 (9th Cir. 1990)). When a treating or examining physician's opinion is contradicted, the opinion can be rejected "for specific and legitimate reasons that are supported by substantial evidence in the record." *Lester*, 81 F.3d at 830-31 (citing *Andrews v. Shalala*, 53 F.3d 1035, 1043 (9th Cir. 1995); *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir. 1983)). The ALJ can accomplish this by "setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998) (citing *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989)).

On May 5, 2016, Dr. Olson, Plaintiff's treating physician, authored a letter regarding Plaintiff's impairments and completed a medical opinion form created by Plaintiff's attorney. AR 967-69. Dr. Olson stated she agreed with the following statement:

> On 12/19/2013, [Plaintiff] fell and suffered a back injury. She was doing physical therapy (PT) in 2014 for 51 sessions. She was cut off from the PT because they said she was not getting any more improvement. She was then referred to Pain Management and she continued that care till (sic) pain management doctor stopped his practice.

AR 969. In her letter, Dr. Olson corrected the dates Plaintiff underwent chemotherapy and stated there was no documentation in Plaintiff's chart of peripheral neuropathy from chemotherapy. AR 967. She also stated

> There is documentation of persistent pain, numbness of chest wall from surgeries and of shoulder pain and limitation of [range of motion] from her surgeries.

> [Plaintiff] told me today this precludes normal daily tasks like preparing meals due to pain and weakness.

AR 967. Dr. Olson opined Plaintiff has disabilities that are likely to prevent her from working. AR 967.

The ALJ discussed Dr. Olson's letter, and then stated:

> I have given limited weight to Dr. Olson's opinion. (1) First, she appeared to exclusively rely on the claimant's self-report that she could not perform activities of daily living in concluding (sic) due to pain in the shoulder, rather than an assessment of the actual functional ability of the claimant. (2) Moreover, her statement that the claimant is disabled is a conclusion that is reserved to the Commissioner of Social Security and cannot be relied upon, particularly where it is inconsistent with the medical evidence of record. Therefore, I have given some weight to Dr. Olson's corrections to the representative's statements regarding chemotherapy and neuropathy. However, less weight was given to her conclusions regarding the claimant's "disability" and limited functioning.

AR 23 (numbering added).

First, the ALJ discounted Dr. Olson's opinion regarding Plaintiff's limited functioning because the opinion appeared to be based on Plaintiff's self-reports. AR 23. An ALJ may reject a physician's opinion "if it is based 'to a large extent' on a claimant's self-reports that have been properly discounted as incredible." *Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008) (quoting *Morgan v. Comm'r. Soc. Sec. Admin.*, 169 F.3d 595, 602 (9th Cir. 1999)). This situation is distinguishable from one in which the doctor provides her own observations in support of her assessments and opinions. *See Ryan v. Comm'r of Soc. Sec. Admin.*, 528 F.3d 1194, 1199-1200 (9th Cir. 2008) ("an ALJ does not provide clear and convincing reasons for rejecting an examining physician's opinion by questioning the credibility of the patient's complaints where the doctor does not discredit those complaints and supports his ultimate opinion with his own observations"); *see also Edlund v. Massanari*, 253 F.3d 1152, 1159 (9th Cir. 2001). "[W]hen an opinion is not more heavily based on a patient's self-reports than on clinical observations, there

is no evidentiary basis for rejecting the opinion." *Ghanim v. Colvin*, 763 F.3d 1154, 1162 (9th Cir. 2014) (citing *Ryan*, 528 F.3d at 1199-1200).

Here, Dr. Olson stated there was documentation showing Plaintiff suffered from persistent pain, numbness of the chest wall, shoulder pain, and limited range of motion. AR 967. Dr. Olson noted Plaintiff reported difficulties with her daily tasks; however, there is no indication Dr. Olson's opinion as to Plaintiff's pain and limited range of motion was based exclusively on Plaintiff's self-reports. *See* AR 967. Rather, Dr. Olson based these findings on "documentation." AR 967. The record contains treatment notes from Dr. Olson and from medical providers working with Dr. Olson on Plaintiff's care. *See e.g.* AR 765-944. The ALJ did not indicate he considered these records when determining Dr. Olson's opinion was based exclusively on Plaintiff's self-reports. Instead, the ALJ discounted Dr. Olson's entire opinion regarding Plaintiff's limited functioning, including pain and limited range of motion, because Dr. Olson stated Plaintiff reported her pain precluded her from performing daily tasks. *See* AR 23, 967.

The ALJ also failed to explain how Plaintiff's statements regarding her limitations in performing daily tasks showed Dr. Olson relied on Plaintiff's self-reports in determining Plaintiff suffered from pain and a limited range of motion. *See* AR 23. Without an adequate explanation, the ALJ has failed to reach the level of specificity necessary for this Court's review. *See Embrey*, 849 F.2d at 421-22 ("it is incumbent on the ALJ to provide detailed, reasoned, and legitimate rationales for disregarding the physicians' findings[;]" conclusory reasons do "not achieve the level of specificity" required to justify an ALJ's rejection of an opinion); *Blakes v. Barnhart*, 331 F.3d 565, 569 (7th Cir. 2003) ("We require the ALJ to build an accurate and logical bridge

from the evidence to her conclusions so that we may afford the claimant meaningful review of the SSA's ultimate findings.").

As Dr. Olson did not indicate she based her entire opinion regarding Plaintiff's functional abilities on Plaintiff's self-reports and as the ALJ's finding was conclusory, the ALJ's first reason for discounting Dr. Olson's opinion is not specific and legitimate and supported by substantial evidence.

Second, the ALJ gave little weight to Dr. Olson's opinion that Plaintiff is disabled because this is an opinion reserved to the Commissioner. AR 23. According to the Ninth Circuit, "'physicians may render medical, clinical opinions, or they may render opinions on the ultimate issue of disability - the claimant's ability to perform work.'" *Garrison v. Colvin*, 759 F.3d 995, 1012 (9th Cir. 2014) (quoting *Reddick*, 157 F.3d at 725). A doctor's statement that a claimant "would be 'unlikely' to work full time" is not a finding on an issue reserved to the Commissioner, and is "instead an assessment, based on objective medical evidence, of [the claimant's] *likelihood* of being able to sustain fulltime employment[.]" *Hill v. Astrue*, 698 F.3d 1153, 1160 (9th Cir. 2012) (emphasis in original).

In this case, Dr. Olson found Plaintiff's disabilities would prevent her from working. AR 967. While unclear, it appears Dr. Olson may have provided this statement in response to a question asking if Plaintiff's impairments would result in absenteeism of three or more days per month. *See* AR 967, 969. Regardless, after reviewing Dr. Olson's letter and the medical opinion form she completed, the Court concludes Dr. Olson's opinion that Plaintiff's impairments would prevent her from working was an assessment, based on her relationship with Plaintiff, of Plaintiff's likelihood of being able to maintain employment. Therefore, the ALJ's second reason for giving little weight to Dr. Olson's opinion is not specific and legitimate. *See Reddick*, 157

F.3d at 725 (quoting *Matthews v. Shalala*, 10 F.3d 678, 680 (9th Cir. 1993) (other citations omitted)) (Although "'the administrative law judge is not bound by [ ] opinions of the claimant's physicians on the ultimate issue of disability," he cannot reject an opinion on disability without presenting specific and legitimate reasons supported by substantial evidence).

Defendant argues the ALJ also gave little weight to Dr. Olson's opinion because the opinion is inconsistent with the medical evidence. *See* Dkt. 11, p. 5; AR 23. The ALJ stated he was giving little weight to Dr. Olson's opinion that Plaintiff was unable to work because it was inconsistent with the medical evidence. AR 23. The ALJ, however, failed to cite to any medical evidence or explain how the medical evidence was inconsistent with Dr. Olson's opinion. *See* AR 23. Therefore, this is not a sufficiently specific reason for discounting Dr. Olson's opinion. *McAllister v. Sullivan*, 888 F.2d 599, 602 (9th Cir. 1989) (an ALJ's rejection of a physician's opinion on the ground that it was contrary to clinical findings in the record was "broad and vague, failing to specify why the ALJ felt the treating physician's opinion was flawed").

For the above stated reasons, the Court concludes the ALJ failed to provide specific, legitimate reasons supported by substantial evidence for assigning little weight to Dr. Olson's opinion. Accordingly, the ALJ erred.

"[H]armless error principles apply in the Social Security context." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012). An error is harmless, however, only if it is not prejudicial to the claimant or "inconsequential" to the ALJ's "ultimate nondisability determination." *Stout v. Commissioner, Social Security Admin.*, 454 F.3d 1050, 1055 (9th Cir. 2006); *see Molina*, 674 F.3d at 1115. The Ninth Circuit has stated "'a reviewing court cannot consider an error harmless unless it can confidently conclude that no reasonable ALJ, when fully crediting the testimony, could have reached a different disability determination.'" *Marsh v. Colvin*, 792 F.3d 1170, 1173

1  (9th Cir. 2015) (quoting *Stout*, 454 F.3d at 1055-56). The determination as to whether an error is

2  harmless requires a "case-specific application of judgment" by the reviewing court, based on an

3  examination of the record made "'without regard to errors' that do not affect the parties'

4  'substantial rights.'" *Molina*, 674 F.3d at 1118-1119 (quoting *Shinseki v. Sanders*, 556 U.S. 396,

5  407 (2009)).

6        Had the ALJ fully credited Dr. Olson's opinion, the ALJ would have found Plaintiff's

7  impairments prevented her from working. As the ALJ found Plaintiff was not disabled, the

8  ultimate disability determination would have changed if Dr. Olson's opinion was given great

9  weight. Accordingly, the ALJ's errors are not harmless and require reversal.

10        B. <u>Ms. Bric</u>

11        Plaintiff next asserts the ALJ failed to provide accurate reasons for rejecting the June

12  2016 functional evaluation completed by Stephanie Bric, an occupational therapist. Dkt. 10, pp.

13  4-6.

14        Pursuant to the relevant federal regulations, medical opinions from "other medical

15  sources," such as nurse practitioners, therapists and chiropractors, must be considered. *See* 20

16  C.F.R. § 404.1513 (d); *see also Turner v. Comm'r of Soc. Sec.*, 613 F.3d 1217, 1223-24 (9th

17  Cir. 2010) (*citing* 20 C.F.R. § 404.1513(a), (d)); SSR 06-3p, 2006 WL 2329939. "Other

18  medical source" testimony "is competent evidence that an ALJ must take into account," unless

19  the ALJ "expressly determines to disregard such testimony and gives reasons germane to each

20  witness for doing so." *Lewis v. Apfel*, 236 F.3d 503, 511 (9th Cir. 2001); *Turner*, 613 F.3d at

21  1224. "Further, the reasons 'germane to each witness' must be specific." *Bruce v. Astrue*, 557

22  F.3d 1113, 1115 (9th Cir. 2009); *see Stout*, 454 F.3d at 1054 (explaining "the ALJ, not the

23  district court, is required to provide specific reasons for rejecting lay testimony").

24

1    On June 3, 2016, Ms. Bric completed a functional evaluation of Plaintiff. AR 970-73. Ms. Bric opined Plaintiff was functioning below sedentary demand level as Plaintiff could lift only a maximum of five to ten pounds and was unable to sit/stand for prolonged periods. AR 972. She also opined Plaintiff did not demonstrate the ability to work on a full-time basis, nor demonstrate the ability to work at a competitive work rate. AR 972.

The ALJ discussed Ms. Bric's opinion and then stated:

> I find that this assessment (1) lacks specific objective testing results that demonstrate such a reduced ability to standing and walk, as well as lift and carry. (2) Moreover, such restrictions are not consistent with the claimant's medical treatment records and physical therapy records, which document ongoing improvement in functioning. Therefore, I have given this assessment little weight in determining the claimant's residual functional capacity for the time period at issue in this decision.

AR 23 (numbering added).

First, the ALJ assigned little weight to Ms. Bric's opinion because it lacked specific, objective testing results. AR 23. Defendant does not assert, nor does the Court find, this is a germane reason for discounting Ms. Bric's opinion. *See* Dkt. 11, p. 10. Therefore, the Court finds Defendant concedes the ALJ's first reason for discounting Ms. Bric's opinion is not valid.

Second, the ALJ assigned little weight to Ms. Bric's opinion because restrictions opined to by Ms. Bric are not consistent with Plaintiff's treatment and physical therapy records, which show ongoing improvement. AR 23. An ALJ need not accept an opinion which is inadequately supported "by the record as a whole." *Batson v. Commissioner of Soc. Sec. Admin.*, 359 F.3d 1190, 1195 (9th Cir. 2004). However, here, the ALJ fails to cite to any medical or physical therapy records which are inconsistent with Ms. Bric's opinion. *See* AR 23. While Defendant instructs the Court to consider previous portions of the ALJ's decision to find Ms. Bric's opinion is inconsistent with Plaintiff's reports of feeling better and improving, the ALJ did not cite to

this, or any, evidence when discounting Ms. Bric's opinion. The ALJ also did not provide any reasoning explaining how Plaintiff's improvement in functioning is inconsistent with Ms. Bric's opinion. *See* AR 22-23; Dkt. 11, p. 9. As the ALJ did not provide an explanation or record citations to support his decision to give little weight to Ms. Bric's opinion, the ALJ's second reason for discounting Ms. Bric's opinion is not proper. *See Popa v. Berryhill*, 872 F.3d 901, 907 (ALJ did not properly reject lay testimony where he found the lay testimony "conflicted with other medical evidence in the record" but "provided little illumination of this alleged contrast"); *Gilbert v. Colvin*, 2015 WL 4039338, at *5 (W.D. Wash. July 2, 2015) (ALJ did not provide a sufficiently specific reason to discredit lay testimony where he did not give "any idea as to what in the medical evidence was inconsistent" with the testimony); *McCann v. Colvin*, 111 F.Supp.3d 1166, 1175 (W.D. Wash. 2015) (ALJ failed to provide specific, germane reasons for discounting a lay opinion when the ALJ provided no explanation as to how the opinion was inconsistent with the overall medical record, the claimant's daily activities, and his work history).

For the above stated reasons, the Court concludes the ALJ failed to provide a germane reason for discounting Ms. Bric's opinion. Therefore, the ALJ erred. Had the ALJ fully credited Ms. Bric's opinion, the ALJ may have found Plaintiff unable to work or included additional limitations in the RFC and the hypothetical questions posed to the vocational expert. As the ultimate disability decision may have changed, the ALJ's error is not harmless. *See Molina*, 674 F.3d at 1115.

### C. Drs. Gillman, Cooper, and Alinea

Plaintiff also argues the ALJ erred by giving great weight to the assessments completed by Drs. Gillman, Cooper, and Alinea. Dkt. 10, pp. 6-7. Plaintiff asserts these three assessments,

which are related to Plaintiff's worker's compensation claim, do not take into account all of Plaintiff's limitations and are not supported by the longitudinal record. *Id*.

The ALJ considered the assessments completed by Drs. Gillman, Cooper, and Alinea. AR 23. In finding the assessments were entitled to great weight, the ALJ stated the "assessments show that the claimant's work injury did not preclude light work prior to the alleged onset date[.]" While Plaintiff asserts the assessments only consider Plaintiff's work-related injury, the ALJ only considered the assessments in relation to Plaintiff's work-injury. The Court, therefore, finds Plaintiff has not shown the ALJ's consideration of Drs. Gillman's, Cooper's, and Alinea's assessments is inconsistent with Plaintiff's assertions that the assessments are only related to Plaintiff's work-related injury. The Court, however, found the ALJ erred in his consideration of Dr. Olson's and Ms. Bric's opinions. As such, the Court recommends, on remand, the ALJ re-evaluate all the medical evidence, including the assessments completed by Drs. Gillman, Cooper, and Alinea.

**II.     Whether this case should be remanded for an award of benefits.**

Plaintiff argues this matter should be remanded with a direction to award benefits. *See* Dkt. 10, p. 6. The Court may remand a case "either for additional evidence and findings or to award benefits." *Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir. 1996). Generally, when the Court reverses an ALJ's decision, "the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." *Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004) (citations omitted). However, the Ninth Circuit created a "test for determining when evidence should be credited and an immediate award of benefits directed[.]" *Harman v. Apfel*, 211 F.3d 1172, 1178 (9th Cir. 2000). Specifically, benefits should be awarded where:

1  (1) the ALJ has failed to provide legally sufficient reasons for rejecting [the claimant's] evidence, (2) there are no outstanding issues that must be resolved before a determination of disability can be made, and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited.

*Smolen*, 80 F.3d 1273 at 1292; *McCartey v. Massanari*, 298 F.3d 1072, 1076-77 (9th Cir. 2002).

The Court has determined, on remand, the ALJ must re-evaluate the medical evidence. The ALJ's re-evaluation of the medical evidence may require the ALJ to re-evaluate whether Plaintiff is capable of performing jobs existing in significant numbers in the national economy. Therefore, there are outstanding issues which must be resolved and remand for further administrative proceedings is appropriate.

## CONCLUSION

Based on the above stated reasons, the undersigned recommends this matter be reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g) to the Commissioner for further proceedings consistent with this Report and Recommendation. The undersigned also recommends judgment be entered for Plaintiff and the case be closed.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of de novo review by the district judge. *See* 28 U.S.C. § 636(b)(1)(C). Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on April 12, 2019, as noted in the caption.

Dated this 26th day of March, 2019.

David W. Christel
United States Magistrate Judge

REPORT AND RECOMMENDATION - 12